In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-184 CR


____________________



LARUE ANTHONY CHARGOIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D 010018-R






OPINION


 Larue Anthony Chargois pleaded guilty to burglary, pleaded "true" to sequential
felony conviction allegations, and received from the jury a sentence of twenty years of
confinement in the Texas Department of Criminal Justice, Institutional Division. The sole
point of error raised on appeal contends Chargois received ineffective assistance of counsel
in the punishment phase of the trial. 

 To prevail on an ineffective assistance of counsel claim, the appellant must establish
that (1) counsel's performance fell below the standards of reasonable competency, and (2)
there is a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687,
694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.
Crim. App. 1999). "Any allegation of ineffectiveness must be firmly founded in the
record and the record must affirmatively demonstrate the alleged ineffectiveness."
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). (1) 

 Chargois did not raise this Sixth Amendment issue in the trial court. Therefore, we
do not have the benefit of a hearing in which counsel was called upon to explain her trial
strategy and to detail her preparation for trial. Chargois argues that counsel should have
obtained an expert to provide mitigation testimony about the defendant's alcohol problems.
From the record before us, we do not know the degree of preparation and investigation
trial counsel undertook in this case. The appellant merely speculates that an expert on
alcoholism could have been extremely persuasive, without establishing what expert
testimony would have been provided in mitigation of punishment and how that testimony
would have related to the issues relevant to punishment.

 We hold that the appellant failed to meet either prong of the Strickland standard. 
Accordingly, we overrule the point of error and affirm the judgment.

 AFFIRMED.



 PER CURIAM



Submitted on April 15, 2002

Opinion Delivered April 24, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Because of the difficulty inherent in meeting this standard on appeal, a claim of
ineffective assistance of counsel is cognizable through an application for writ of habeas
corpus, even if it was raised and rejected on direct appeal. See Ex parte Torres, 943
S.W.2d 469, 475 (Tex. Crim. App. 1997).